IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROXIE A. FULLER                                                                                      PLAINTIFF

vs.                                Civil No. 2:18-cv-02154

NANCY A. BERRYHILL                                         DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Roxie A. Fuller ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability applications on April 29, 2016. (Tr. 15). In these applications, Plaintiff alleges being disabled due to a herniated disc, arm problems, pelvic problems, and anxiety. (Tr. 251). Plaintiff alleges an onset date of April 9, 2013. (Tr. 15). Her applications were denied initially and again upon reconsideration. (Tr. 75-150).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 30-70). Thereafter, on October 5, 2017, the SSA held an administrative hearing on Plaintiff's applications in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.*

On December 29, 2017, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-29). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2018. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 9, 2013, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the left shoulder, chronic lower back pain syndrome, anxiety, and depression. (Tr. 17, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19, Finding 4).

The ALJ determined Plaintiff had a limited education but was able to communicate in English. (Tr. 21, Finding 8). The ALJ determined Plaintiff was thirty-eight (38) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 21, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-20, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except limited to jobs with simple tasks, simple instructions, and incidental contact with the public, and involve only occasional

2

overhead lifting.

*Id.*

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ, however, found Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform work as a price marking clerk with 304,000 such jobs nationally; routing clerk with 53,400 such jobs nationally; and photocopy machine operator with 15,600 such jobs nationally. (Tr. 21). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 9, 2013 through the date of his decision or through January 4, 2018. (Tr. 22, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On July 9, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On September 5, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 10, 2018. ECF No. 7. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15 at 1-9. Specifically, Plaintiff raises two arguments for reversal: (A) the ALJ erred by failing to develop the record as to her RFC; and (B) the ALJ erred in his credibility determination. *Id.* The Court will address both of these arguments for reversal.

**A.** **Record Development**

Plaintiff claims the ALJ erred in developing the record in this case. ECF No. 15 at 5-7. As Plaintiff claims, "For the ALJ to substitute his own medical opinion for that of the record's physicians and not have properly developed the record on the Plaintiff's RFC was error." *Id.* Upon review of this argument, the Court finds Plaintiff has presented no basis for reversal on this issue.

In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contains sufficient evidence for the ALJ to make an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala,* 28 F.3d 828, 830 (8th Cir. 1994). Further, to be entitled to a remand, a claimant must demonstrate he or she was prejudiced or treated unfairly by the

ALJ's failure. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Absent such prejudice or unfairness, the Court cannot remand. *Id.* In the present case, apart from Plaintiff's bare claim on this matter, Plaintiff has not demonstrated how she was in any way prejudiced by the ALJ's failure to further develop the record. *See* ECF No. 15 at 5-7. Thus, the Court finds no basis for a remand.

B.     **Credibility Determination**

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 16 at 1-12. In her briefing, Plaintiff claims the ALJ's "blatant lack of any *Polaski* analysis was error." *Id.* Upon review of this argument, the Court also finds no basis for reversal on this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a full *Polaski* evaluation. (Tr. 19-20). In performing this evaluation, the ALJ recognized Plaintiff's daily activities did not fully support her subjective allegations:

> The claimant has good use of the dominant right hand/arm. The claimant testified that she lives with her uncle and helps care for him. The claimant indicated that she is able to perform personal care with no limitations, sometimes prepare meals, do some cleaning, laundry, and mowing, drive a car, and pay bills.

(Tr. 20). The ALJ also fully considered Plaintiff's medications and treatment records and noted inconsistencies between those and her subjective complaints. (Tr. 20). Based upon this review, the Court finds the ALJ fully complied with *Polaski* and finds no basis for reversal on this issue. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (recognizing the court defers to the ALJ's disability determination regarding credibility as long as that determination is supported by "good reasons and substantial evidence").

7

4.  **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE